IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SONY ELECTRONICS INC., SONY COMPUTER ENTERTAINMENT AMERICA INC., SONY PICTURES ENTERTAINMENT INC., SONY CONNECT INC., SONY ONLINE ENTERTAINMENT INC., SONY CORPORATION OF AMERICA, SONY BMG MUSIC ENTERTAINMENT INC., AND SONY ERICSSON MOBILE COMMUNICATIONS (USA) INC., <br><br> Plaintiffs, <br><br> v. <br><br> ORION IP, LLC, <br><br> Defendant. | Civil Action No. _____ |

## COMPLAINT FOR DECLARATORY JUDGMENT

Sony Electronics Inc., Sony Computer Entertainment America Inc., Sony Pictures Entertainment Inc., Sony Connect Inc., Sony Online Entertainment Inc., Sony Corporation of America, Sony BMG Music Entertainment Inc. and Sony Ericsson Mobile Communications (USA) Inc. (collectively, "Plaintiffs") by and through their undersigned attorneys, request a jury trial on issues so triable and allege, upon knowledge as to their own acts and upon information and belief as to the acts of others, that:

### PARTIES

1. Sony Electronics Inc. ("SEL") is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 16765 West Bernardo Drive, San Diego, CA 92127.

2.      Sony Computer Entertainment America Inc. ("SCEA") is a corporation organized and existing under the law of the State of Delaware, with its principal place of business at 919 East Hillsdale Boulevard, Foster City, CA, 94404.

3.      Sony Pictures Entertainment Inc. ("SPE") is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 10202 W. Washington Blvd., Culver City, California 90232.

4.      Sony Connect Inc. ("SCI") is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 2100 Colorado Avenue, Santa Monica, CA 90404.

5.      Sony Online Entertainment Inc. ("SOE") is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business in 8928 Terman Court, San Diego, CA 92121.

6.      Sony Corporation of America ("SCA") is a corporation organized and existing under the laws of the State of New York, with its principal place of business at 550 Madison Avenue, New York, NY 10022.

7.      Sony BMG Music Entertainment ("SBME") is a general partnership organized and existing under the laws of the State of Delaware, with its principle place of business at 550 Madison Avenue, New York, NY, 10022.

8.      Sony Ericsson Mobile Communications (USA) Inc. ("SEUSA") is a corporation organized and existing under the laws of the State of Delaware, with its principle place of business at 7001 Development Drive, Research Triangle Park, NC 27709.

9.      Defendant Orion IP, LLC. ("Defendant") is a Delaware limited liability corporation with its principal place of business at The Gardens on El Paseo, 73-545 El Paso Boulevard, Suite 2204, Palm Desert, California 92260.

## NATURE OF THE ACTION

10. This is a declaratory judgment action seeking a determination that Plaintiffs do not infringe any claim of U.S. Patent Nos. 5,367,627 and 5,615,342 under 35 U.S.C. § 271, and that these patents are invalid under at least 35 U.S.C. §§ 102 and 103.

11. On information and belief, Defendant is the owner by assignment of United States Patent No. 5,615,342 (the "'342 patent"), which is entitled "Electronic Proposal Preparation System" and issued on March 25, 1997. A true copy of the '342 patent is attached as Exhibit A.

12. On information and belief, Defendant is the owner by assignment of United States Patent No. 5,367,627 (the "'627 patent"), which is entitled "Computer-Assisted Parts Sales Method" and issued on November 22, 1994. A true copy of the '627 patent is attached as Exhibit B.

13. As a part of SEL's business, SEL offers products directly to customers via the World Wide Web. Customers can also obtain information concerning those products via the World Wide Web, and use this information in deciding to purchase those products.

14. Customers can obtain information concerning SCEA products via SCEA's World Wide Web site, and use this information in deciding to purchase SCEA products from third party vendors. SCEA also offers a small amount of Playstation® branded products directly to customers via its World Wide Web site.

15. As a part of SPE's business, SPE offers products to customers via the World Wide Web. Customers can also obtain information concerning SPE products via the World Wide Web, and use this information in deciding to purchase those products.

16. As a part of SCI's business, SCI offers products directly to customers via the World Wide Web. Customers can also obtain information concerning those products via the World Wide Web, and use this information in deciding to purchase those products.

17. As a part of SOE's business, SOE offers products directly to customers via the World Wide Web. Customers can also obtain information concerning SOE products via the World Wide Web, and use this information in deciding to purchase those products.

18. Customers can obtain information concerning SBME products via the World Wide Web, and use this information in deciding to purchase those products.

19. As a part of SEUSA's business, SEUSA offers products directly to customers via the World Wide Web. Customers can also obtain information concerning SEUSA products via the World Wide Web, and use this information in deciding to purchase those products.

20. SCA is the direct or indirect parent company of each of SEL, SPE, SCI, and SOE, and is an indirect partner in the SBME general partnership. SCA is not a direct or indirect parent of SEUSA. As a part of SCA's general operations, it maintains a World Wide Web site – http://www.sony.com – from which customers can gain access to individual World Wide Web sites maintained by SEL, SCEA, SPE, SCI, SOE, and SBME.

## JURISDICTION AND VENUE

21. Defendant has filed suit against SCA alleging infringement of the '342 patent and '627 patent under 35 U.S.C. § 271. This lawsuit is currently pending in the United States District Court for the Eastern District of Texas. In its First Amended Original Complaint For Patent Infringement, which is attached as Exhibit C, Defendant alleges that SCA is infringing the '342 patent and '627 patent by "making and using supply chain methods, sales methods, sales systems, marketing methods, marketing systems and inventory systems covered by one or more claims of the '342 patent." (Ex. C at 6-7.)

22. Defendant has also accused SEL, SCEA, SPE, SCI, SOE, SBME and SEUSA of infringing at least one of the '342 and '627 patents in presentations provided to Plaintiffs' counsel.

23. As a result of Defendant's allegations and general course of conduct, SEL, SCEA, SPE, SCI, SOE, SBME, and SEUSA have a reasonable apprehension that Defendant will file suit against SEL, SCEA, SPE, SCI, SOE, SBME, and SEUSA for infringement of at least one of the '342 patent and the '627 patent, in addition to having already filed suit against SCA, thereby providing this Court with jurisdiction under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and the patent laws of the United States, Title 35, U.S.C.

24. This Court also has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338.

25. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and (c) because Defendant resides in this judicial district.

## FIRST COUNT
## DECLARATORY JUDGMENT OF PATENT NON-INFRINGEMENT ('324 PATENT)

26. Plaintiffs repeat and reallege each and every allegation set forth in paragraphs 1-25 of this Complaint as if fully set forth herein.

27. SEL displays and offers products on its website, which is found at the World Wide Web address http://www.sonystyle.com.

28. Through its website, SEL does not import, make, use, sell or offer for sale a computerized service that infringes any valid claim of the '342 patent, either literally or under the doctrine of equivalents, in violation of 35 U.S.C. § 271, nor has SEL ever imported, made, used, sold or offered for sale any computerized service that infringed any valid claim of the '342 patent.

29. SCEA displays and offers products on its website, which is found at the World Wide Web address http://www.playstation.com.

30. Through its website, SCEA does not import, make, use, sell or offer for sale a computerized service that infringes any valid claim of the '342 patent, either literally or under the doctrine of equivalents, in violation of 35 U.S.C. § 271, nor has SCEA ever imported, made, used, sold or offered for sale any computerized service that infringed any valid claim of the '342 patent.

31. SPE displays and offers products on its websites, which are found at the World Wide Web addresses http://www.sonypictures.com and http://www.sonyclassics.com.

32. Through its websites, SPE does not import, make, use, sell or offer for sale a computerized service that infringes any valid claim of the '342 patent, either literally or under

the doctrine of equivalents, in violation of 35 U.S.C. § 271, nor has SPE ever imported, made, used, sold or offered for sale any computerized service that infringed any valid claim of the '342 patent.

33. SCI displays and offers products on its website, which is found at the World Wide Web address http://www.sonyconnect.com.

34. Through its website, SCI does not import, make, use, sell or offer for sale a computerized service that infringes any valid claim of the '342 patent, either literally or under the doctrine of equivalents, in violation of 35 U.S.C. § 271, nor has SCI ever imported, made, used, sold or offered for sale any computerized service that infringed any valid claim of the '342 patent.

35. SOE displays and offers products on its website, which is found at the World Wide Web address http://www.station.sony.com.

36. Through its website, SOE does not import, make, use, sell or offer for sale a computerized service that infringes any valid claim of the '342 patent, either literally or under the doctrine of equivalents, in violation of 35 U.S.C. § 271, nor has SOE ever imported, made, used, sold or offered for sale any computerized service that infringed any valid claim of the '342 patent.

37. SBME displays and offers products on its website, which is found at the World Wide Web address http://www.sonymusic.com.

38. Through its website, SBME does not import, make, use, sell or offer for sale a computerized service that infringes any valid claim of the '342 patent, either literally or under the doctrine of equivalents, in violation of 35 U.S.C. § 271, nor has SME ever imported, made, used sold or offered for sale any computerized service that infringed any valid claim of the '342 patent.

39. SEUSA displays and offers products on its website, which is found at the World Wide Web address http://www.sonyericsson.com.

WP3:1108271.1                                                                                              099999.1724

40. Through its website, SEUSA does not import, make, use, sell or offer for sale a computerized service that infringes any valid claim of the '342 patent, either literally or under the doctrine of equivalents, in violation of 35 U.S.C. § 271, nor has SEUSA ever imported, made, used, sold or offered for sale any computerized service that infringed any valid claim of the '342 patent.

41. SCA offers access to various web sites that display and offer products through its web site, which is found at the World Wide Web address http://www.sony.com.

42. Through its website, SCA does not import, make, use, sell or offer for sale a computerized service that infringes any valid claim of the '342 patent, either literally or under the doctrine of equivalents, in violation of 35 U.S.C. § 271, nor has SCA ever imported, made, used, sold or offered for sale any computerized service that infringed any valid claim of the '342 patent.

## SECOND COUNT
## DECLARATORY JUDGMENT OF PATENT INVALIDITY ('342 PATENT)

43. Plaintiffs repeat and reallege each and every allegation set forth in paragraphs 1-25 of this Complaint as if fully set forth herein.

44. One or more claims of the '342 patent are invalid for failing to comply with one or more of the conditions and requirements of the patent laws, including, but not limited to, 35 U.S.C. §§ 101, 102, 103 and 112, and the rules, regulations and laws pertaining thereto.

## THIRD COUNT
## DECLARATORY JUDGMENT OF PATENT NON-INFRINGEMENT ('627 PATENT)

45. SEL, SCEA, SPE, SCA, SBME and SEUSA repeat and reallege each and every allegation set forth in paragraphs 1-42 of this Complaint as if fully set forth herein.

46. Through its website, SEL does not import, make, use, sell or offer for sale a computerized service that infringes any valid claim of the '627 patent, either literally or under the doctrine of equivalents, in violation of 35 U.S.C. § 271, nor has SEL ever imported, made,

used, sold or offered for sale any computerized service that infringed any valid claim of the '627 patent.

47.     Through its website, SCEA does not import, make, use, sell or offer for sale a computerized service that infringes any valid claim of the '627 patent, either literally or under the doctrine of equivalents, in violation of 35 U.S.C. § 271, nor has SCEA ever imported, made, used, sold or offered for sale any computerized service that infringed any valid claim of the '627 patent.

48.     Through its websites, SPE does not import, make, use, sell or offer for sale a computerized service that infringes any valid claim of the '627 patent, either literally or under the doctrine of equivalents, in violation of 35 U.S.C. § 271, nor has SPE ever imported, made, used, sold or offered for sale any computerized service that infringed any valid claim of the '627 patent.

49.     Through its website, SCA does not import, make, use, sell or offer for sale a computerized service that infringes any valid claim of the '627 patent, either literally or under the doctrine of equivalents, in violation of 35 U.S.C. § 271, nor has SCA ever imported, made, used, sold or offered for sale any computerized service that infringed any valid claim of the '627 patent.

50.     Through its website, SBME does not import, make, use, sell or offer for sale a computerized service that infringes any valid claim of the '627 patent, either literally or under the doctrine of equivalents, in violation of 35 U.S.C. § 271, nor has SBME ever imported, made, used, sold or offered for sale any computerized service that infringed any valid claim of the '627 patent.

51.     Through its website, SEUSA does not import, make, use, sell or offer for sale a computerized service that infringes any valid claim of the '627 patent, either literally or under the doctrine of equivalents, in violation of 35 U.S.C. § 271, nor has SEUSA ever imported, made, used, sold or offered for sale any computerized service that infringed any valid claim of the '627 patent.

WP3:1108271.1                                                                                                                    099999.1724

## FOURTH COUNT
## DECLARATORY JUDGMENT OF PATENT INVALIDITY ('627 PATENT)

52.     Plaintiffs repeat and reallege each and every allegation set forth in paragraphs 1-25 of this Complaint as if fully set forth herein.

53.     One or more claims of the '627 patent are invalid for failing to comply with one or more of the conditions and requirements of the patent laws, including, but not limited to, 35 U.S.C. §§ 101, 102, 103 and 112, and the rules, regulations and laws pertaining thereto.

## **PRAYER FOR RELIEF**

WHEREFORE, PLAINTIFFS request that the Court enter judgment:

(a)     Declaring that Plaintiffs do not infringe, nor have they ever infringed, any claims of the '342 patent.

(b)     Declaring that SEL, SCEA, SPE, SCA, SBME, and SEUSA do not infringe, nor have they ever infringed, any claims of the '627 patent;

(c)     Declaring that the '342 patent and the '627 patent are invalid;

(d)     Finding that, pursuant to 35 U.S.C. § 285 and/or other applicable laws, Defendant's conduct in pursuing this action renders this an exceptional case and that plaintiffs be awarded costs of this action and its attorneys' fees to the extent permitted by law; and

(e)     Granting such other and further relief as the Court deems just and proper.

9

## DEMAND FOR JURY TRIAL

*Pursuant to Rule 38 of the Federal Rules of Civil Procedure, plaintiffs requests a trial by jury of all issues so triable.*

Dated: May 2, 2005

*Of Counsel:*

Elizabeth A. Gardner
KENYON & KENYON
One Broadway
New York, NY 10004
Tel.: 212.425.7200
Fax.: 212..425.5288

Respectfully submitted,

_____
Josy W. Ingersoll (#1088)
Glenn C. Mandalas (#4432)
YOUNG CONAWAY
  STARGATT & TAYLOR LLP
The Brandywine Building
1000 West Street
P.O. Box 391
Wilmington, DE 19899-0391
(302) 571-6600
jingersoll@ysct.com