# EXHIBIT C

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| ORION IP, LLC,<br>a Delaware Limited Liability Corporation<br>Plaintiff,<br><br>v.<br><br>(1) Hitachi Koki USA, Ltd.<br>(2) Hitachi Automotive Products (USA), Inc.<br>(3) Hitachi Construction Machinery (America) Corporation<br>(4) Hitachi Transport System (America), Ltd.<br>(5) Tokico (USA), Inc.<br>(6) Renesas Technology America, Inc.<br>(7) Hitachi Cable America, Inc.<br>(8) Hitachi Software Engineering America, Ltd.<br>(9) Hitachi Software Global Technology, Ltd.<br>(10) Hitachi Telecom (USA), Inc.<br>(11) Hitachi Electronic Devices (USA), Inc.<br>(12) Hitachi High Technologies America, Inc.<br>(13) Hitachi Maxco, Ltd.<br>(14) Hitachi Denshi America, Ltd.<br>(15) Hitachi Medical Systems America, Inc.<br>(16) Advance Auto Parts, Inc.<br>(17) Panasonic Corporation of North America<br>(18) Sony Corporation of America,<br>Defendants. | Civil Action No. 2:04-CV-418<br><br>(WARD) (JURY) |

## FIRST AMENDED ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

This is an action for patent infringement in which Orion IP, LLC makes the following allegations against Hitachi Koki USA, Ltd., Hitachi Automotive Products (USA), Inc., Hitachi Construction Machinery (America) Corporation, Hitachi Transport System (America), Ltd., Tokico (USA), Inc., Renesas Technology America, Inc., Hitachi Cable America, Inc., Hitachi

LON:145863.1
51245.4

Software Engineering America, Ltd., Hitachi Software Global Technology, Ltd., Hitachi Telecom (USA), Inc., Hitachi Electronic Devices (USA), Inc., Hitachi High Technologies America, Inc., Hitachi Maxco, Ltd., Hitachi Denshi America, Ltd., Hitachi Medical Systems America, Inc., Advance Auto Parts, Inc., Panasonic Corporation of North America, and Sony Corporation of America.

## PARTIES

1. Plaintiff Orion IP, LLC ("Orion") is a Delaware limited liability company with its principal place of business at The Gardens on El Paseo, 73-545 El Paseo Boulevard, Suite 2204, Palm Desert, California 92260.

2. Defendant Hitachi Koki USA, Ltd. is a Delaware corporation with its principal place of business at 3950 Steve Reynolds Blvd., Norcross, Georgia 30093, and conducts business throughout the United States, Texas and the Eastern District of Texas.

3. Defendant Hitachi Automotive Products (USA), Inc. is a Delaware corporation with its principal place of business at 955 Warwick Road, P.O. Box 510, Harrodsburg, Kentucky 40330, and conducts business throughout the United States, Texas and the Eastern District of Texas.

4. Defendant Hitachi Construction Machinery (America) Corporation is a Texas corporation with its principal place of business at One John Deere Place, Moline, Illinois 61265, and conducts business throughout the United States, Texas and the Eastern District of Texas.

5. Defendant Hitachi Transport System (America), Ltd. is a California corporation with its principal place of business at 1640 West 190th Street, Torrance, California 90501, and conducts business throughout the United States, Texas and the Eastern District of Texas.

6. Defendant Tokico (USA), Inc. is a Kentucky corporation with its principal place of business at 301 Mayde Road, Berea, Kentucky 40403, and conducts business throughout the United States, Texas and the Eastern District of Texas.

7. Defendant Renesas Technology America, Inc. is a Delaware corporation with its principal place of business at 450 Holger Way, San Jose, California 95134, and conducts business throughout the United States, Texas and the Eastern District of Texas.

8. Defendant Hitachi Cable America, Inc. is a New York corporation with its principal place of business at 10 Bank Street, Suite 680, White Plains, New York 10606, and conducts business throughout the United States, Texas and the Eastern District of Texas.

9. Defendant Hitachi Software Engineering America, Ltd. is a California corporation with its principal place of business at 601 Gateway Blvd., Suite 500, South San Francisco, California 94080, and conducts business throughout the United States, Texas and the Eastern District of Texas.

10. Defendant Hitachi Software Global Technology, Ltd. is a Colorado corporation with its principal place of business at 10355 Westmoor Drive, Suite 250, Westminster, Colorado 80021, and conducts business throughout the United States, Texas and the Eastern District of Texas.

11. Defendant Hitachi Telecom (USA), Inc. is a Delaware corporation with its principal place of business at 3617 Parkway Lane, Suite 100, Norcross, Georgia 30092, and conducts business throughout the United States, Texas and the Eastern District of Texas.

12. Defendant Hitachi Electronic Devices (USA), Inc. is a Delaware corporation with its principal place of business at P.O. Box 2203, 575 Mauldin Road, Greenville, South Carolina

29607, and conducts business throughout the United States, Texas and the Eastern District of Texas.

13. Defendant Hitachi High Technologies America, Inc. is a Delaware corporation with its principal place of business at 10 North Martingale Road, Suite 500, Schaumburg, Illinois 60173, and conducts business throughout the United States, Texas and the Eastern District of Texas.

14. Defendant Hitachi Maxco, Ltd. is a Delaware corporation with its principal place of business at 1630 Cobb International Blvd., Kennesaw, Georgia 30152, and conducts business throughout the United States, Texas and the Eastern District of Texas.

15. Defendant Hitachi Denshi America Ltd. is a corporation with its principal place of business at 150 Crossways Park Drive, Woodbury, New York 11797, and conducts business throughout the United States, Texas and the Eastern District of Texas.

16. Defendant Hitachi Medical Systems America, Inc. is a Delaware corporation with its principal place of business at 1959 Summit Commerce Park, Twinsburg, Ohio 44087, and conducts business throughout the United States, Texas and the Eastern District of Texas.

17. Defendant Advance Auto Parts, Inc. ("Advance Auto Parts") is a Delaware corporation with its principal place of business in Roanoke, Virginia, and conducts business throughout the United States and in the Eastern District of Texas.

18. Defendant Panasonic Corporation of North America ("Panasonic) is a Delaware corporation with its principal place of business in Secaucus, New Jersey, and conducts business throughout the United States and in the Eastern District of Texas.

19. Defendant Sony Corporation of America ("Sony") is a New York corporation with its principal place of business in New York, New York, and conducts business throughout the United States and in the Eastern District of Texas.

## JURISDICTION AND VENUE

17. This action arises under the patent laws of the United States, Title 35 of the United States Code. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

18. Venue is proper in this district under 28 U.S.C. §§ 1391(c) and 1400(b). Defendants each conduct business in this district, have transacted business in this district and, on information and belief, have committed acts of patent infringement in this district.

## COUNT 1

## INFRINGEMENT OF U.S. PATENT NO. 5,615,342

19. Orion is the owner by assignment of United States Patent No. 5,615,342 ("the '342 patent") entitled "Electronic Proposal Preparation System," a true copy of which is attached as Exhibit A, duly issued on March 25, 1997.

20. The '342 Patent was invented by Jerome D. Johnson.

21. Defendants Hitachi Koki USA, Ltd., Hitachi Automotive Products (USA), Inc., Hitachi Construction Machinery (America) Corporation, Hitachi Transport System (America), Ltd., Tokico (USA), Inc., Renesas Technology America, Inc., Hitachi Cable America, Inc., Hitachi Software Engineering America, Ltd., Hitachi Software Global Technology, Ltd., Hitachi Telecom (USA), Inc., Hitachi Electronic Devices (USA), Inc., Hitachi High Technologies America, Inc., Hitachi Maxco, Ltd., Hitachi Denshi America, Ltd., Hitachi Medical Systems

5

America, Inc., Advance Auto Parts, Panasonic, Sony have been and now are directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '342 patent in the state of Texas, in this judicial district, and elsewhere in the United States by, among other things, making and using supply chain methods, sales methods, sales systems, marketing methods, marketing systems and inventory systems covered by one or more claims of the '342 patent to the injury of Orion.

22.     These defendants have actively induced and are actively inducing infringement of the '342 patent.

23.     As a result of these Defendants' infringement of the '342 patent, Orion has suffered monetary damages in an amount not yet determined, and will continue to suffer damages in the future unless Defendants' infringing activities are enjoined by this Court.

24.     Unless a preliminary and permanent injunction are issued enjoining these Defendants and their agents, servants, employees, attorneys, representatives, affiliates and all others acting on their behalf from infringing the '342 patent, Orion will be greatly and irreparably harmed.

## COUNT 2

### INFRINGEMENT OF U.S. PATENT NO. 5,367,627

25.     Orion is the owner by assignment of United States Patent No. 5,367,627 ("the '627 patent") entitled "Computer-Assisted Parts Sales Method," a true copy of which is attached as Exhibit B, duly issued on November 22, 1994.

26.     The '627 Patent was invented by Jerome D. Johnson.

27.     Defendants Hitachi Koki USA, Ltd., Hitachi Automotive Products (USA), Inc., Hitachi Construction Machinery (America) Corporation, Hitachi Transport System (America),

Ltd., Tokico (USA), Inc., Renesas Technology America, Inc., Hitachi Cable America, Inc., Hitachi Software Engineering America, Ltd., Hitachi Software Global Technology, Ltd., Hitachi Telecom (USA), Inc., Hitachi Electronic Devices (USA), Inc., Hitachi High Technologies America, Inc., Hitachi Maxco, Ltd., Hitachi Denshi America, Ltd., and Hitachi Medical Systems America, Inc., Advance Auto Parts, Panasonic, and Sony have been and now are directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '627 patent in the state of Texas, in this judicial district, and elsewhere in the United States by, among other things, making and using supply chain methods, sales methods, sales systems, marketing methods, marketing systems and inventory systems covered by one or more claims of the '627 patent to the injury of Orion.

28. Defendants have actively induced and are actively inducing infringement of the '627 patent.

29. As a result of Defendants' infringement of the '627 patent, Orion has suffered monetary damages in an amount not yet determined, and will continue to suffer damages in the future unless Defendants' infringing activities are enjoined by this Court.

30. Unless a preliminary and permanent injunction are issued enjoining Defendants and their agents, servants, employees, attorneys, representatives, affiliates and all others acting on their behalf from infringing the '627 patent, Orion will be greatly and irreparably harmed.

**PRAYER FOR RELIEF**

WHEREFORE, Orion requests that this Court grant:

1. A judgment in favor of Orion that Defendants Hitachi Koki USA, Ltd., Hitachi Automotive Products (USA), Inc., Hitachi Construction Machinery (America) Corporation, Hitachi Transport System (America), Ltd., Tokico (USA), Inc., Renesas Technology America,

7

Inc., Hitachi Cable America, Inc., Hitachi Software Engineering America, Ltd., Hitachi Software Global Technology, Ltd., Hitachi Telecom (USA), Inc., Hitachi Electronic Devices (USA), Inc., Hitachi High Technologies America, Inc., Hitachi Maxco, Ltd., Hitachi Denshi America, Ltd., Hitachi Medical Systems America, Inc., Advance Auto Parts, Panasonic, and Sony have infringed, directly and indirectly by way of inducing and/or contributing to the infringement of the '342 patent.

2.   A permanent injunction, enjoining Defendants Hitachi Koki USA, Ltd., Hitachi Automotive Products (USA), Inc., Hitachi Construction Machinery (America) Corporation, Hitachi Transport System (America), Ltd., Tokico (USA), Inc., Renesas Technology America, Inc., Hitachi Cable America, Inc., Hitachi Software Engineering America, Ltd., Hitachi Software Global Technology, Ltd., Hitachi Telecom (USA), Inc., Hitachi Electronic Devices (USA), Inc., Hitachi High Technologies America, Inc., Hitachi Maxco, Ltd., Hitachi Denshi America, Ltd., Hitachi Medical Systems America, Inc., Advance Auto Parts, Panasonic, and Sony and their officers, directors, agents, servants affiliates, employees, divisions, branches subsidiaries, parents and all others acting in concert or privity with any of them from infringement, inducing the infringement of, or contributing to the infringement of the '342 patent.

3.   A judgment and order requiring Defendants Hitachi Koki USA, Ltd., Hitachi Automotive Products (USA), Inc., Hitachi Construction Machinery (America) Corporation, Hitachi Transport System (America), Ltd., Tokico (USA), Inc., Renesas Technology America, Inc., Hitachi Cable America, Inc., Hitachi Software Engineering America, Ltd., Hitachi Software Global Technology, Ltd., Hitachi Telecom (USA), Inc., Hitachi Electronic Devices (USA), Inc., Hitachi High Technologies America, Inc., Hitachi Maxco, Ltd., Hitachi Denshi America, Ltd., Hitachi Medical Systems America, Inc., Advance Auto Parts, Panasonic and Sony to pay Orion

damages for Defendants' infringement of the '342 patent, together with interest (both pre- and post- judgment), costs and disbursements as fixed by this Court under 35 U.S.C. §284;

4. A judgment in favor of Orion that Defendants Hitachi Koki USA, Ltd., Hitachi Automotive Products (USA), Inc., Hitachi Construction Machinery (America) Corporation, Hitachi Transport System (America), Ltd., Tokico (USA), Inc., Renesas Technology America, Inc., Hitachi Cable America, Inc., Hitachi Software Engineering America, Ltd., Hitachi Software Global Technology, Ltd., Hitachi Telecom (USA), Inc., Hitachi Electronic Devices (USA), Inc., Hitachi High Technologies America, Inc., Hitachi Maxco, Ltd., Hitachi Denshi America, Ltd., Hitachi Medical Systems America, Inc., Advance Auto Parts, Panasonic, and Sony have infringed, directly and indirectly by way of inducing and/or contributing to the infringement of the '627 patent.

5. A permanent injunction, enjoining Defendants Hitachi Koki USA, Ltd., Hitachi Automotive Products (USA), Inc., Hitachi Construction Machinery (America) Corporation, Hitachi Transport System (America), Ltd., Tokico (USA), Inc., Renesas Technology America, Inc., Hitachi Cable America, Inc., Hitachi Software Engineering America, Ltd., Hitachi Software Global Technology, Ltd., Hitachi Telecom (USA), Inc., Hitachi Electronic Devices (USA), Inc., Hitachi High Technologies America, Inc., Hitachi Maxco, Ltd., Hitachi Denshi America, Ltd., Hitachi Medical Systems America, Inc., Advance Auto Parts, Panasonic, and Sony and their officers, directors, agents, servants, affiliates, employees, divisions, branches subsidiaries, parents and all others acting in concert or privity with any of them from infringement, inducing the infringement of, or contributing to the infringement of the '627 patent.

6. A judgment and order requiring Defendants Hitachi Koki USA, Ltd., Hitachi Automotive Products (USA), Inc., Hitachi Construction Machinery (America) Corporation,

Hitachi Transport System (America), Ltd., Tokico (USA), Inc., Renesas Technology America, Inc., Hitachi Cable America, Inc., Hitachi Software Engineering America, Ltd., Hitachi Software Global Technology, Ltd., Hitachi Telecom (USA), Inc., Hitachi Electronic Devices (USA), Inc., Hitachi High Technologies America, Inc., Hitachi Maxco, Ltd., Hitachi Denshi America, Ltd., Hitachi Medical Systems America, Inc., Advance Auto Parts, Panasonic, and Sony to pay Orion damages for Defendants' infringement of the '627 patent, together with interest (both pre- and post- judgment), costs and disbursements as fixed by this Court under 35 U.S.C. §284;

7. A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. §285 and awarding to Orion its reasonable attorneys' fees; and

**ORION DEMANDS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.**

Dated: February 10, 2005　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　**ORION IP, LLC**


By:/s/S. Calvin Capshaw
　　S. Calvin Capshaw, Attorney-in-Charge
　　State Bar No. 0378390
　　Elizabeth L. DeRieux
　　State Bar No. 05770585
　　Brown McCarroll LLP
　　1127 Judson Road, Suite 220
　　P.O. Box 3999 (75606-3999)
　　Longview, TX 75601-5157
　　Telephone: (903) 236-9800
　　Facsimile: (903) 236-8787
　　E-mail: ccapshaw@mailbmc.com
　　E-mail: ederieux@mailbmc.com

　　Otis W. Carroll
　　State Bar No. 03895700

10

Ireland Carroll & Kelley, P.C.
6101 South Broadway, Suite 500
P.O. Box 7879
Tyler, Texas 75711
Telephone: (903) 561-1600
Facsimile: (903) 581-1071
E-mail: nancy@icklaw.com

Franklin Jones Jr.
State Bar No. 00000055
Jones and Jones, Inc., P.C.
201 West Houston Street
P.O. Drawer 1249
Marshall, TX 65671-1249
Telephone: (903) 938-4395
Facsimile: (903) 938-3360
E-mail: maizieh@millerfirm.com

Attorneys for plaintiff
ORION IP, LLC

<u>Of Counsel</u>
David Pridham
R.I. State Bar No. 6625
Orion IP, LLC
The Gardens on El Paseo
73-545 El Paseo Boulevard
Suite 2204
Palm Desert, California 92260.
Telephone: (760) 674-1066
Facsimile: (760) 674-9797
E-mail: david@ipnav.com

11