IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SONY ELECTRONICS INC., SONY COMPUTER ENTERTAINMENT AMERICA INC., SONY PICTURES ENTERTAINMENT INC., SONY CONNECT INC., SONY ONLINE ENTERTAINMENT INC., SONY CORPORATION OF AMERICA, SONY BMG MUSIC ENTERTAINMENT INC., AND SONY ERICSSON MOBILE COMMUNICATIONS (USA) INC., <br><br>　　　　　　　　　　Plaintiffs, <br>　　　v. <br>ORION IP, LLC, <br><br>　　　　　　　　　　Defendant. | Civil Action No. 05-255-GMS |

**PLAINTIFFS' RESPONSE IN OPPOSITION TO
DEFENDANT'S MOTION TO DISMISS, STAY OR TRANSFER THIS ACTION
<u>TO THE EASTERN DISTRICT OF TEXAS</u>**

OF COUNSEL:

Elizabeth A. Gardner
KENYON & KENYON
One Broadway
New York, NY 10004
Tel.: 212.425.7200

Dated: July 19, 2005

YOUNG CONAWAY STARGATT
　& TAYLOR LLP

Josy W. Ingersoll (#1088)
John W. Shaw (#3362)
Glenn C. Mandalas (#4432)
The Brandywine Building
1000 West Street
P.O. Box 391
Wilmington, DE  19899-0391
(302) 571-6600
jingersoll@ycst.com

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................... ii

NATURE AND STAGE OF THE PROCEEDINGS ..................................................... 1

STATEMENT OF FACTS ............................................................................................ 2

SUMMARY OF THE ARGUMENT ............................................................................. 3

    I.    This Action is the First-Filed Action ................................................................. 4

        A.    The Plaintiffs are Separate Legal Entities Entitled to Relief ................. 4

        B.    This Action is the Only Action with the Present Parties
            and the Present Claims ........................................................................... 5

    II.   Transfer to the Eastern District of Texas is not Warranted ............................ 7

        A.    Private Interests do Not Support Transfer ............................................. 8

        B.    Public Interests do Not Support Transfer .............................................. 9

        C.    Defendant has Not Met Its Burden to Support Transfer ..................... 10

    III.  If the Texas Action is Deemed to be the First-Filed Action,
        The Court in Its Discretion Should Not Apply the First-Filed Rule ............... 11

        A.    Defendant Engaged in Forum Shopping .............................................. 11

        B.    It is in the Interest of Equity and Justice to Retain
            This Action in Delaware ......................................................................... 12

    IV.  Defendant Seeks to Obfuscate Its Motion with
        Baseless and Prejudicial Allegations that are Not
        Relevant to the Relief Sought ........................................................................... 12

CONCLUSION ............................................................................................................ 14

## TABLE OF AUTHORITIES

Affymetrix, Inc. v. Synteni, Inc.
    28 F.Supp.2d 192, 196 (D. Del. 1998) ............................................................................ 8

Applied Biosystems, Inc. v. Cruachem, Ltd.
    772 F.Supp. 1458, 1463 (D. Del. 1989) ........................................................................ 4

Corixa Corp. v. IDEC Pharmaceuticals Corp.
    2002 WL 265094 (D. Del. Feb. 25, 2002) ................................................................. 6, 9

EEOC v. Univ. of Penn.
    850 F.2d 969, 976 (3rd Cir. 1988) ..................................................................... 8, 11, 12

Genentech, Inc. v. Eli Lilly and Co.
    998 F.2d 931, 937 (Fed. Cir. 1993) .............................................................................. 11

Invitrogen Corp. v. Stratagene Holding Corp.
    Civil Action No. 00-620-JJF, (D. Del. April 11, 2001) ................................................ 10

Jumara v. State Farm Inc. Co.
    55 F.3d 873, 879 (3d Cir. 1995) .......................................................................... 7, 9, 12

Kahn v. General Motors Corp.
    889 F.2d 1078, 1081 (Fed. Cir. 1997) .......................................................................... 11

Kirschner Bros. Oil, Inc. v. Pannill
    697 F. Supp. 804, 806 (D. Del. 1988) .......................................................................... 11

Telcorda Tech., Inc. v. Alcatel S.A.
    2005 U.S. Dist. LEXIS 10194 C.A. 04-874 GMS (May 27, 2005, D. Del) .............. 4, 5

Tuff Torq Corp. v. Hydro-Gear Limited Partnership
    882 F.Supp.359, 363, (D. Del. 1994) ...................................................................... 8, 11

Waste Distillation Technology Inc. v. Pan American Resources, Inc.
    775 F. Supp 759 (D. Del. 1991) .................................................................................... 8

## NATURE AND STAGE OF THE PROCEEDINGS

This case was filed May 2, 2005 by Sony Electronics Inc. (SEL), Sony Computer Entertainment America Inc. (SCEA), Sony Pictures Entertainment Inc. (SPE), Sony Connect Inc. (SCI), Sony Online Entertainment Inc. (SOE), Sony BMG Music Entertainment (SBME), Sony Ericsson Mobile Communications (USA) Inc. (SEUSA) and Sony Corporation of America ("SCA") (collectively referred to as "Plaintiffs"). This Action is a declaratory judgment action seeking a declaration of non-infringement and invalidity of U.S. Patent Nos. 5,367,627 ("the '627 patent") and 5,615,342 ("the '342 patent") (collectively referred to as the "patents-in-suit"). This case is the first pending patent action between these Plaintiffs and Orion IP, LLC ("Orion").

There is an action only as to SCA and Orion currently pending in the Eastern District of Texas ("the Texas Action"). That action, filed November 23, 2004 by Orion against SCA, has not yet proceeded to the stage of an initial Rule 16 scheduling conference and no discovery has taken place.

On June 27, 2005, Defendant filed a Motion to Dismiss, Stay or Transfer this Action to the Eastern District of Texas. Defendant seeks to deprive SEL, SCEA, SPE, SCI, SOE, SBME and SEUSA ("the non-SCA Plaintiffs") of their choice of forum for this declaratory judgment suit. At the time this suit was filed, and up to the present date, Defendant has never filed suit against the non-SCA Plaintiffs in the Eastern District of Texas or anywhere else.

This is Plaintiffs' brief in opposition of Defendant's Motion to Dismiss, Stay or Transfer this action to the Eastern District of Texas.

NY01 1015861 v1

## STATEMENT OF FACTS

The seven non-SCA Plaintiffs are Delaware corporations. Complaint ¶¶ 1-5, 7-8. SCA is a New York corporation. Complaint ¶ 6.

Defendant is a Delaware corporation. Complaint ¶ 9. Defendant's sole listed Managing Member with the Texas Secretary of State is Plutus IP Holdings, LLC having its principle place of business at 74-785 Highway 111, Suite 103, Indian Wells, CA 82219. Declaration of Elizabeth A. Gardner, ¶ 2. Plutus IP Holdings, LLC is a Delaware Corporation. Dec. of EAG, ¶ 3. Defendant's listed principle place of business in California is also 74-785 Highway 111, Suite 103, Indian Wells, CA 82219.

The inventor of record of the patents-in-suit, Jerome Johnson, is listed as being a resident of Minnesota, evidenced by the cover pages of the patents-in-suit. There is no evidence that Mr. Johnson currently resides in or has any connection to the Eastern District of Texas.

Potential witnesses and documents relating to the alleged infringing activities will predominantly be at Plaintiffs' places of business. SEL's principle place of business is at 16765 West Bernardo Drive, San Diego, CA 92127. SCEA's principle place of business is at 919 East Hillsdale Boulevard, Foster City, CA, 94404. SPE's principle place of business is at 10202 W. Washington Blvd., Culver City, California 90232. SCI's principle place of business is at 2100 Colorado Avenue, Santa Monica, CA 90404. SOE's principle place of business is at 8928 Terman Court, San Diego, CA 92121. SCA's principle place of business is at 550 Madison Avenue, New York, NY 10022. SBME's principle place of business is also at 550 Madison Avenue, New York, NY, 10022. SEUSA's principle place of business is at 7001 Development Drive, Research Triangle Park, NC 27709. Complaint ¶¶ 1-8.

This action is the first-filed action between the non-SCA Plaintiffs and Defendant. Texas is not a more convenient forum than Plaintiffs' choice-forum of Delaware.

## SUMMARY OF THE ARGUMENT

This Action was brought by the non-SCA Plaintiffs upon those parties first learning that they were targets of Orion's infringement allegations based on the operation of their respective web sites relating to online retail including electronically presenting products for purchase. The non-SCA Plaintiffs were not and are not parties to the Texas Action.

Each non-SCA Plaintiff owns and operates its own separate web sites relating to online retail, offering its own products for purchase and has its own non-infringement defense to Orion's allegations of infringement. SCA, the only defendant in the Texas action, also operates its own web site but offers none of its own products for purchase. Accordingly, none of the non-SCA Plaintiffs' case in this action can be considered a mirror image of the Texas Action solely against SCA as each Plaintiff independently operates a different web site offering different products and/or services.

As Orion did not and has not chosen to pursue an action against the non-SCA Plaintiffs, the present action is the first and only filed case pending between those parties. Orion's motion to transfer should be denied because this is a first-filed case and Orion has not shown any basis for transfer. Orion's motion to dismiss should be denied because the present case presents a case or controversy over which this court has jurisdiction. Orion's motion to stay should be denied because the Texas action against SCA will not resolve the dispute between Orion and the non-SCA Plaintiffs, and furthermore, the Texas action has not yet even proceeded to the discovery stage.

In any event, even if this Court were to believe that the Texas action might be the first-filed action, the Court, in its discretion, need not apply the first filed rule because (i) the Defendant has engaged in forum shopping in filing the Texas Action in the Eastern District of Texas and (ii) the interests of equity and justice support maintaining the present action in this forum.

I.  **This Action is the First-Filed Action**

A.  **The Plaintiffs are Separate Legal Entities Entitled to Relief**

Each of the Plaintiffs in this case is a separate legal entity. Complaint ¶¶ 1-8. SCEA and SEUSA are not subsidiaries to any other Plaintiffs and at best have an indirect relationship to SCA. SEUSA is a joint venture between Ericsson AB, a Swedish Corporation and Sony Corporation, a Japanese corporation. Dec. of EAG, ¶ 4. SCEA is a subsidiary of Sony Computer Entertainment Incorporated, a Japanese corporation. SCEA and SEUSA have no direct parent / subsidiary relationship with SCA.

Although, SCA is a parent corporation or indirect parent corporation to some of the non-SCA Plaintiffs, those entities are separate legal entities with separate legal rights and interests. Parent and subsidiary companies are treated under a principle / agent relationship based on the "degree of control which the parent exercises over the subsidiary." Applied Biosystems, Inc. v. Cruachem, Ltd., 772 F.Supp. 1458, 1463 (D. Del. 1989). Telcorda Tech., Inc. v. Alcatel S.A., 2005 U.S. Dist. LEXIS 10194 C.A. 04-874 GMS (May 27, 2005, D. Del). The Court has further evaluated four (4) factors relevant to any examination, including (1) the "overlap of officers and directors"; (2) "method of financing"; (3) the division of responsibility for day-to-day management"; and (4) "the process by which each corporation obtains its business." Id.

There is virtually no overlap between the officers and directors of the Plaintiffs. Each of the Plaintiffs has separate and independent management making day-to-day business decisions, including the decision to commence or settle litigation. Even though each Plaintiff includes the name "Sony" in its corporate name, this does not detract from each Plaintiff's status as separate legal entities.

Each of the non-SCA Plaintiffs provide separate online services relating to electronically presenting products for purchase on its own web site, without any common control between these web sites. Complaint ¶¶ 13-19. Each non-SCA Plaintiff owns and operates its different web sites available through its unique Universal Resource Locators (URLs). Complaint ¶¶ 27, 29, 31, 33, 35, 37, 39 and 41. Accordingly, each Plaintiff should properly be considered a separate legal entity with its own rights to enforce and interests to protect with respect to Orion's infringement allegations.

**B.    This Action is the Only Action with the Present Parties and Present Claims**

Defendant asserts that the Texas Action against one party alone, SCA, should be considered a first-filed case against all of the eight Plaintiffs. In support of this position, the Defendant asserts that this Action includes the same claims as found in the Texas Action and the "sole difference" between these suits is that this action includes certain "Sony-affiliated entities." Motion, Page 7. Defendant's assertions are erroneous.

There is a significant difference between this Action brought by the non-SCA Plaintiffs and the Texas action. That difference cannot be dismissed out of hand by referring to all the Plaintiffs as merely "Sony-affiliated entities." Such backhanded treatment is an effort to avoid

confronting those parties' status as separate legal entities[1] and the significant substantive distinction between the claims in this action and the claims in the Texas action against SCA alone.

Defendant's reliance on Corixa to support its contention that the Delaware Action is a mirror image of the Texas Action is erroneous. Corixa Corp. v. IDEC Pharmaceuticals Corp., 2002 WL 265094 (D. Del. Feb. 25, 2002). In Corixa, the defendant, IDEC Pharmaceuticals Corp., filed a complaint seeking a Declaratory Judgment of non-infringement in the Southern District of California naming Coulter Pharmaceuticals Inc. and Corixa Corp. as defendants. Two days later, Corixa, Coulter and GlaxoSmithKline (GSK) filed a complaint in the District of Delaware asserting infringement of the same patents in the DJ action. Corixa argued that the two cases were not mirror images based on GSK not being a party in the California action. As GSK and Coulter were in a licensee/licensor relationship, GSK and Coulter had the same interest in the same patents, the court found the two actions to be "mirror images." Corixa at *2.

In the present case, this Action and the Texas Action are not mirror images. The claims of the patents-in-suit are alleged to be applicable to web site activity in the customizable selection of products offered for purchase. Motion to Dismiss, Decl. of Capshaw, Exh. D. No products are presented for purchase on the SCA web site. SCA operates a web site from which users may link to the web sites of the other Plaintiffs. Complaint ¶ 20. That is all. The non-SCA Plaintiffs present products for purchase to customers through their respective web sites. Complaint ¶¶ 13-19. Accordingly, each of the Plaintiffs operate a separate web site that will have to be separately and independently analyzed for purposes of an infringement determination. For example, SCA's web site, http://www.sony.com, provides access to the web sites of the other

---

[1] As set forth above, the Plaintiffs in this Action are separately controlled entities with separate products and services relating to online retail including electronically present products for purchase.

Plaintiffs, but does not generate customized proposals for selling products to particular customers as recited by claim 1 of the '342 patent. Similarly, SCA's web site does not provide a computerized method of selling parts for particular equipment specified by a customer as recited by claim 1 of the '627 patent. On SEL's web site, http://www.sonystyle.com, for example, a user may navigate and purchase electronic products online. Similarly, each of the other non-SCA Plaintiffs own and operate its own web site through which its own products are available for subsequent purchase.

The application of the claims of the patents-in-suit to web site activity must be done separately for each Plaintiff and each application will be different from the application of the claims to the other web sites, preventing this Action from being considered a mirror image of the Texas Action. This Action and the Texas Action simply do not present the same claims.[2] Accordingly, this Action is the first filed case having these Plaintiffs and these claims at hand.

## II. Transfer to the Eastern District of Texas is Not Warranted

Defendant is asking this Court to transfer this matter to the Eastern District of Texas under 28 U.S.C. §1404. Defendant asserts that the interest of justice is better served by a Texas court deciding a matter between seven Delaware-incorporated Plaintiffs (the non-SCA Plaintiffs) and a Delaware-incorporate Defendant. Defendant's assertions are in error, as Delaware is the most convenient forum to resolve this matter.

Under Section 1404, the court looks at both private and public factors to determine whether to transfer a matter. Jumara v. State Farm Inc. Co., 55 F.3d 873, 879 (3d Cir. 1995). The burden of establishing the balance of conveniences is placed on the Defendant because

---

[2] In further support of the differences between these two actions, any potential damages sought against SCA under an inducement claim fail to support damages from any alleged activities of SCEA and SEUSA based on their distant corporate relationship to SCA.

Plaintiff's choice of forum is "accorded substantial weight." Tuff Torq Corp. v. Hydro-Gear Limited Partnership, 882 F.Supp. 359 (D. Del. 1994). The Defendant must show that there is a greater interest in transfer. EEOC v. Univ. of Penn., 850 F.2d 969, 976 (3rd Cir. 1988).

### A.    Private Interests do No Support Transfer

The private interests that the Court gives deference to are: (1) the convenience of the parties due to the relative physical and financial conditions, (2) the convenience of the expected witnesses, but only so far as the witnesses might be unavailable for trial if the trial is conducted in a certain forum, and (3) the location of books and records, to the extent that these books and records could not be produced in a certain forum. Jumara, at 883.[3]

Under these private interests, the Defendant cannot establish its burden to support transfer. The first private interest is the convenience of the parties. Being incorporated in Delaware is a significant factor when addressing convenience. Tuff Torq Corp. at 363. In Waste Distillation Technology Inc. v. Pan American Resources, Inc., 775 F. Supp 759 (D. Del. 1991), the court rejected the assumption that "'lack of doing business' here makes it unfair that the case is here. [Defendant] is a Delaware Corporation . . . and as a corporate citizen of Delaware, both the corporation and its managers must anticipate the possibility of being hauled into court here" as cited in Tuff Torq at 363.

All parties (including Defendant) to this suit, except SCA, are incorporated in Delaware. Furthermore, it is understood that an Officer / Director for the Defendant is also a Delaware corporation, Plutus IP Holdings, LLC. Therefore, convenience of the parties weighs heavily in

---

[3]    Under Jumara, there are six total enumerated private interests, although, the court does not give deference to the first three private interests. Affymetrix, Inc. v. Synteni, Inc., 28 F.Supp.2d 192, 196 (D. Del. 1998). These private interests have been omitted.

favor of denying the transfer of this case because of the near unanimous Delaware incorporation of the parties to this action.

Additionally, neither the second or third private interests favor transfer to Texas. Neither the inventor nor any of Plaintiffs' witnesses are in or near the Eastern District of Texas. To the extent Orion argues that its experts or attorneys are in Texas, this carries "little weight" in the balance of convenience. Corixa at *3. As to documents, this interest is only applicable for documents that would be unavailable in one forum. Corixa at *4. There is no evidence that issues of document production bear any weight in the present case. Defendant asserts that it has production documents relating to this litigation in the Eastern District of Texas. Presumably, defendant is referring to documents in its attorney's possession that will have to be copied and produced to Plaintiff's counsel no matter where this action is tried. This fact should bear no weight in consideration of transfer.

Under the private interest factors of the Jumara test, Defendant does not meet its burden to support transfer.

### B. Public Interests do Not Support Transfer

The public interests are (1) the enforceability of the judgment, (2) practical considerations regarding the ease, speed, or expense of trial, (3) the administrative difficulty due to court congestion, (4) the local interest in deciding local controversies in the home forum, (5) public policies of the two fora, and (6) the trial judge's familiarity with the applicable state law in diversity cases. Jumara at 883.

In its Motion, Defendant has only addressed the fourth (4) factor and has not contended that factors 1-3 and 5-6 are in favor of transfer. The fourth (4) factor, the local interest in deciding this matter, weighs in favor of denying transfer.

Defendant asserts that it has merely a tangential relationship to Delaware and that Delaware does not have a strong interest in this suit "as none of the events giving rise to this action occurred here." Motion to Dismiss, page 11, ¶2, citing <u>Invitrogen Corp. v. Stratagene Holding Corp.</u>, Civil Action No. 00-620-JJF, (D. Del. April 11, 2001).

First, this court has a significant interest in this matter because of the strong and indisputable commonality of Delaware incorporation for the Defendant and the seven (7) non-SCA Plaintiffs in this suit.

Second, as discussed above, actions that Defendant allege as infringement are performed through the use of Plaintiffs' web sites. These web sites are as fully accessible in Delaware as anywhere else. Any alleged activities that the Defendant may assert as infringing the patents-in-suit occurs in Delaware. Therefore, the events giving rise to this suit HAVE occurred in Delaware between Delaware corporations, giving this court a significant interest in deciding this local controversy. There is simply no activity that can be described as a controversy in this matter that is specifically "local" to the Eastern District of Texas.

The Defendant did not address public interest 1-3 and 5-6 and the fourth factor overwhelmingly favors against transferring this case. Therefore, under the public interests of the <u>Jumara</u> test, Defendant again does not meet its burden to support transfer.

### C. Defendant Has Not Met Its Burden To Support Transfer

The Defendant bears the burden to establish that convenience is better served by transferring this action to the Eastern District of Texas. The private interest factors do not favor transfer because there is no inconvenience in maintaining this matter before this court. The public interest factors clearly do not favor transfer and in-fact overwhelmingly support this forum as the proper forum. The only convenience to be served by this matter being in the

Eastern District of Texas is the convenience to local Texas counsel working on this matter. This is not a proper basis for transfer. Because the public and private factors so overwhelmingly support this court as the proper jurisdiction for this matter, the court should retain jurisdiction.

### III. If the Texas Action is Deemed to be the First-Filed Action, the Court in Its Discretion Should Not Apply the First-Filed Rule

In the event the court considers the Texas action as a first-filed action, this rule would be, at best, applicable to SCA only. For reasons stated above, the first-filed rule is wholly inapplicable to SCEA, SEUSA and the other non-SCA Plaintiffs.

It is within the Court's discretion to not apply this rule. While the first-filed rule favors the forum of the first-filed action, there are well regarded exceptions to the first-filed rule. EEOC at 976. One exception is when the Plaintiff in the first filed suit has engaged in forum shopping. Kahn v. General Motors Corp., 889 F.2d 1078, 1081 (Fed. Cir. 1997). Another exception is when justice or expediency requires. Genentech, Inc. v. Eli Lilly and Co., 998 F.2d 931, 937 (Fed. Cir. 1993).

#### A.    Defendant Engaged in Forum Shopping.

Orion engaged in forum shopping by filing the Texas Action against SCA and in seeking to transfer the non-SCA Plaintiffs' claims to the Eastern District of Texas. Orion is incorporated under the laws of Delaware and has its principle place of business in Palm Dessert, California. In filing the Texas Action in the Eastern District of Texas, Orion did not even file in its "home turf." In looking at the deference to be afforded Orion's choice of forum in the Texas Action, deference is not applicable when a party fails to file in its home turf. Tuff Turq at 362. Home Turf is defined as the forum closest to the Orion's home in which personal jurisdiction could be asserted over the Plaintiffs in this action. Kirschner Bros. Oil, Inc. v. Pannill, 697 F. Supp. 804, 806 (D. Del. 1988). Orion, a Delaware Corporation with a principle place of business in

California, filed the Texas Action against a New York Corporation with its principle place of business in California. Defendant has clearly engaged in forum shopping for the convenience of its attorneys and the court should avoid any application of the first-filed rule as to the Texas Action.

      **B.**    **It is in the Interest of Equity and Justice to Retain This Action in Delaware**

If this Court were to consider the Texas Action as the first-filed, the Court can properly exercise its own discretion to determine that the second-filed suit better serves the interests of convenience and justice. The first-filed rule "is not [a] rigid or inflexible rule to be mechanically applied." EEOC at 976. In fact, the court should look to what is "right and equitable under the circumstances and the law" when deciding to apply the first-filed rule. EEOC at 977.

As discussed above, under the Jumara test, none of the factors, either private or public, favor transfer. The Defendant has the burden to show that the balance of convenience favors transfer. In this case, the factors so clearly and overwhelmingly provides that this forum is the proper forum for this matter, the Court may ignore any application of the first filed rule.

**IV.**    **Defendant Seeks to Obfuscate its Motion with Baseless and Prejudicial Allegations That are Not Relevant to the Relief Sought**

On Page 3 of its Motion, Orion notes that SCA has withdrawn SCA's motion to dismiss filed in the Texas Action. Orion further states that "[b]y doing so, [SCA] effectively acknowledge[s] that the dispute should proceed in the first-filed Texas Action." Orion is incorrect for the reasons previously stated. Should this court retain jurisdiction, SCA will take appropriate action in Texas.

Defendant also mischaracterizes SCA as engaging in bad-faith negotiations during an initial settlement meeting of April 28, 2005. Orion's allegations are presented for no reason

other than to tarnish the reputation of SCA and its counsel. Orion's allegations are without merit, and more importantly, are simply irrelevant to the issues presented in Orion's Motion.

Prior to that initial meeting, counsel for SCA demanded details concerning the basis for Orion's infringement claims because Orion had asserted a broad and indefinite statement as to how SCA allegedly infringed the patents-in-suit. Dec. of EAG, ¶ 5. At the April 28, 2005 meeting, Orion explain the application of the patent claims to "screen shots" of the alleged infringing activities. Dec. of EAG, ¶ 6.

Mr. Jaime Siegel, in-house counsel for SCA, was in attendance with settlement authority for SCA. Dec. of EAG, ¶ 7.

In their presentation, Orion alleged infringement by SEL, through its website, www.sonystyle.com. Orion further alleged infringement due to the operation of all of the non-SCA Plaintiffs' web sites. Orion's explanation failed to present information sufficient to establish an infringement claim against SCA. A settlement counter-offer was presented. Dec. of EAG, ¶ 8. This counteroffer was presented even in view of Orion's failing to support its allegations of infringement by SCA.

Orion seeks to conduct a sideshow before this Court. In its Motion, Orion presents baseless and prejudicial allegations concerning the events surrounding its own unreasonable demand for settlement from SCA. Settlement was not achieved on April 28, 2005 because (1) Orion failed to present a credible position concerning infringement by SCA; (2) Orion turned down SCA's counter-offer; and (3) other entities whose web sites were the target of Orion's allegations were not on notice that they should have had any interest in being present at the meeting. The fact that Orion did not achieve its outrageous settlement demand does not mean

SCA acted in bad faith. Most importantly, Orion's baseless accusations about SCA's conduct have no bearing on the issues presented by Orion's motion.

## CONCLUSION

For the reasons stated above, the Court should deny Defendant's Motion to Dismiss, Stay or Transfer this action in view the Texas Action.

Respectfully submitted,

*/s/ Josy W. Ingersoll*

Josy W. Ingersoll (#1088)
John W. Shaw (#3362)
Glenn C. Mandalas (#4432)
YOUNG CONAWAY
   STARGATT & TAYLOR LLP
The Brandywine Building
1000 West Street
P.O. Box 391
Wilmington, DE  19899-0391
(302) 571-6600
jingersoll@ysct.com

OF COUNSEL:

Elizabeth A. Gardner
KENYON & KENYON
One Broadway
New York, NY 10004
Tel.: 212.425.7200
Fax.: 212..425.5288

Dated:  July 19, 2005

## CERTIFICATE OF SERVICE

I, Glenn C. Mandalas, hereby certify that on July 19, 2005, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

>Donald E. Reid, Esquire
>MORRIS, NICHOLS, ARSHT & TUNNELL
>1201 N. Market Street
>P.O. Box 1347
>Wilmington, DE 19899-1347

I further certify that on July 19, 2005, I caused a copy of the foregoing document to be served by hand delivery on the above-listed counsel of record.

>YOUNG CONAWAY STARGATT & TAYLOR, LLP
>
>/s/ Glenn C. Mandalas
>_____
>Josy W. Ingersoll (No. 1088)
>John W. Shaw (No. 3362)
>Glenn C. Mandalas (No. 4432)
>The Brandywine Building
>1000 West Street, 17th Floor
>Wilmington, Delaware 19801
>(302) 571-6600
>gmandalas@ycst.com
>
>*Attorneys for Plaintiffs*