IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

SONY ELECTRONICS INC., SONY
COMPUTER ENTERTAINMENT AMERICA
INC., SONY PICTURES ENTERTAINMENT
INC., SONY CONNECT INC., SONY
ONLINE ENTERTAINMENT INC., SONY
CORPORATION OF AMERICA, SONY BMG
MUSIC ENTERTAINMENT INC., AND
SONY ERICSSON MOBILE
COMMUNICATIONS (USA) INC.,

               Plaintiffs,

   v.

ORION IP, LLC,

              Defendant.

C.A. No. 05-255-GMS

**ORION IP, LLC'S REPLY BRIEF IN SUPPORT
OF ITS MOTION TO DISMISS, STAY, OR TRANSFER
THIS ACTION TO THE EASTERN DISTRICT OF TEXAS**

MORRIS, NICHOLS, ARSHT & TUNNELL
Donald E. Reid (#1058)
Jason A. Cincilla (#4232)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
(302) 658-9200
Attorneys for Defendant Orion IP, LLC

July 29, 2005

## TABLE OF CONTENTS

                                                                          Page

TABLE OF CITATIONS                                                          ii

INTRODUCTION                                                                1

ARGUMENT                                                                    2

    I.    THE COURT SHOULD DISMISS, STAY OR TRANSFER THIS ACTION UNDER THE FIRST FILED RULE.                                                                      2

    II.    NO EXCEPTIONS TO THE FIRST FILED RULE ARE APPLICABLE TO THIS CASE.                                                  4

    III.    A TRANSFER OF THE DELAWARE ACTION TO THE EASTERN DISTRICT OF TEXAS IS WARRANTED.                                 5

CONCLUSION                                                                  6

TABLE OF CITATIONS

Page(s)

Cases

*Corixa Corp. v. IDEC Pham. Corp.*,
    2002 WL 265094 (D. Del. Feb. 25, 2002)    2, 3

*Shell Oil Co. v. Amoco Corp.*,
    970 F.2d 885 (Fed. Cir. 1993)    4

*Telephonics Corp. v. Lindly & Co.*,
    192 F.Supp. 407 (E.D.N.Y. 1961)    3

## INTRODUCTION

Rhetoric cannot change reality.  Describing subsidiaries of Sony[1] as the "non-SCA plaintiffs" does not render them non-subsidiaries. Calling this Delaware Action, which was filed several months after the Texas Action, the "First Filed Action" does not change the facts.  Despite all of Sony's rhetoric in its answering brief, the reality, as established in Orion's opening brief, is that Sony's filing of the Delaware Action was nothing more than a transparent attempt to avoid Orion's earlier filed Texas Action involving the same patents.

---

[1] This reply brief will use the same defined terms as Orion's opening brief unless otherwise noted.

<u>ARGUMENT</u>

I.     THE   COURT   SHOULD   DISMISS,   STAY   OR
       TRANSFER THIS ACTION UNDER THE FIRST FILED
       RULE.

      Sony does not, and cannot dispute the fact that the first filed rule is the controlling principle of law.  Instead, Sony attempts to argue that the later filed Delaware Action should be considered the first filed action because of the addition of certain Sony subsidiaries and affiliated entities.  Sony's argument must be rejected for several reasons.

      First, it is undisputed that the Texas Action and the Delaware Action involve the same two patents and no others.  It is also undisputed that Sony's alleged defenses of non-infringement and invalidity, which it asserted in its April 7, 2005 answer in the Texas Action, are the same as its claims of non-infringement and invalidity in the complaint in the Delaware Action which it filed approximately one month later.[2]  The Sony affiliated entities, therefore, clearly could have filed their purported claims in the Texas Action as well.[3]  As this Court has previously held in *Corixa*, where the second action includes an arguably necessary party not included in the first-filed action, that party can simply join (or be added to) the first-filed action.  *Corixa Corp. v. IDEC Pham.*

---

[2]    It is worth noting that while Sony now claims that the complaint in the Texas Action was vague, it did not move for a more definite statement.  Sony also did not move to dismiss the Texas Action on the alleged ground that its website is a "mere portal" to other non-Sony related sites, as it now claims in the Delaware Action, and it did not even raise such an asserted defense in its answer in the Texas Action which specifically plead inducement.

[3]    As Orion noted in its opening brief, it does not concede that the Sony affiliated entities are proper parties to this litigation.  Orion has never asserted a claim of infringement against those entities.

*Corp.*, 2002 WL 265094 at *2 (D. Del. Feb. 25, 2002); *see also Telephonics Corp. v. Lindly & Co.*, 192 F.Supp. 407 (E.D.N.Y. 1961).

Second, despite Sony's rhetoric regarding the "non-SCA plaintiffs," the reality is that, those Sony affiliated entities could not have acted independently of Sony in joining with it to file the Delaware Action.[4] Sony's attempt to distinguish this Court's decision in *Corixa* is therefore unavailing.

Sony admits that Orion has never filed a claim against the Sony affiliated entities (Sony Brief, p 1). It is also undisputed that Orion's only contact with any of the plaintiffs named in the Delaware Action was with Sony itself. (See Gardner Decl. ¶¶ 6 and 7; Capshaw Decl. 8). In fact, Orion has never met with, written to, e-mailed, or spoken to any representative of any of the Sony affiliated entities at all. Obviously, therefore, Orion has never had any communications with any of the Sony affiliated entities regarding the two patents at issue in both the Texas Action and the Delaware Action. Nevertheless, despite that complete and total lack of any contact with Orion, the seven Sony affiliated entities joined with Sony in filing the Delaware Action a mere two business days after the failed settlement meeting between Orion and Sony only in New York on April 28, 2005. These simple facts demonstrate that the Sony affiliated entities

---

[4]    Sony attempts to argue at pages 4-5 of its brief that the Sony subsidiaries are wholly independent actors by reference to the factors cited in the *Applied Biosystems* case. It is worth noting, however, that it provides no support at all for its bald claim that there is "virtually" no overlap between the officers and directors of the Delaware plaintiffs and it totally fails to even discuss the second factor. More importantly, its claim that the Delaware plaintiffs have independent management regarding decisions regarding commencing litigation is completely refuted by the facts discussed above.

joined in the Delaware Action at Sony's direction in a transparent effort to distinguish the Delaware Action from the Texas Action.[5]

II.    NO EXCEPTIONS TO THE FIRST FILED RULE ARE APPLICABLE TO THIS CASE.

Sony's attempts to avoid the application of the first filed rule should be rejected out of hand. Sony initially argues that the first filed rule should not be followed here because it claims that Orion engaged in forum shopping. That argument should be taken with a full shaker of salt.

Orion did not engage in forum shopping. It filed the Texas Action in a District where it has one of its two offices. The Texas Action was also filed in the Eastern District of Texas because three other lawsuits were already pending in that District involving the same two patents and most of Orion's expert witnesses live in that District.

Sony, on the other hand, filed this Delaware Action a month after filing its answer in the Texas Action in a transparent attempt to avoid the Texas forum. Accordingly, if anyone is attempting to engage in forum shopping, it is Sony.

Sony's second, halfhearted, argument that the first filed rule should not be followed in this case "in the interest of equity and justice" requires little response. Sony makes no effort to support that argument other than to refer to the transfer factors. For

---

[5]    Orion also respectfully submits that there was, and is, no "actual controversy" between Orion and the Sony affiliated entities that would support their declaratory judgment claims in the Delaware Action. As noted above, Orion has had absolutely no contact with any of those entities and has never threaten to sue them or even accused them of infringing the patents. *See, Shell Oil Co. v. Amoco Corp.*, 970 F.2d 885 (Fed. Cir. 1993). Their purported claims therefore should be dismissed for that reason as well and should not affect the first filed analysis.

the reasons discussed below, those factors support the application of the first filed rule and, accordingly, Sony's argument should be rejected.

III.     A TRANSFER OF THE DELAWARE ACTION TO THE EASTERN DISTRICT OF TEXAS IS WARRANTED.

Sony's arguments with respect to the pending transfer motion also attempt to overcome reality with rhetoric. The rhetoric is that Delaware is the most convenient forum for litigation over the patents at issue in these cases. The reality, as shown by the undisputed facts, is that:

| DELAWARE | TEXAS |
|---|---|
| • None of the parties has a principal place of business or even an office in Delaware.<br><br>• There are no witnesses located in Delaware.<br><br>• There are no documents located in Delaware.<br><br>• No other litigation is pending in Delaware relating to these two patents. | • Orion has an office in the Eastern District of Texas.[6]<br><br>• Some of the fact witnesses and most of Orion's expert witnesses are in the Eastern District of Texas.<br><br>• All of Orion's business documents are in its office in the Eastern District of Texas.<br><br>• In addition to the Texas Action, there are three other cases pending in the Eastern District of Texas involving these same two patents. |

The reality is that from both a private and public standpoint, it makes no sense to have both the Delaware Action and the Texas Action go forward separately. Sony has already filed its answer in the Texas Action and it has withdrawn its later filed motion to dismiss. Since the Texas Action will be going forward, the Court can

---

[6]     In addition, at least five of the Sony affiliated entities have principal places of business in California, which is much closer to Texas than Delaware.

minimize the disruption caused by the litigation by transferring the Delaware Action to

Texas. Such a transfer is also especially appropriate in light of the three other cases

pending in the Eastern District of Texas involving the same patents since the judge in

those cases will be familiar with the patents.

<u>CONCLUSION</u>

For all of the reasons stated in Orion's Opening Brief and in this Reply

Brief, Orion respectfully submits that the Court should dismiss or stay this action in favor

of the first-filed Texas Action or, alternatively, transfer this action to the Eastern District

of Texas.

MORRIS, NICHOLS, ARSHT & TUNNELL

_____

Donald E. Reid (#1058)
Jason A. Cincilla (#4232)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
(302) 658-9200
Attorneys for Defendant
Orion IP, LLC

July 29, 2005

476313

<u>CERTIFICATE OF SERVICE</u>

I, Donald E. Reid, hereby certify that on July 29, 2005 I electronically filed **Orion IP, LLC's Reply Brief In Support Of Its Motion To Dismiss, Stay, Or Transfer This Action To The Eastern District Of Texas**, with the Clerk of Court using CM/ECF, which will send notification of such filing(s) to the following:

> Josy W. Ingersoll, Esquire (#1088)
> Glenn C. Mandalas, Esquire (#4432)
> YOUNG, CONAWAY, STARGATT
>   & TAYLOR LLP
> The Brandywine Building
> 1000 West Street, 17th Floor
> P.O. Box 391
> Wilmington, DE  19899-0391

I also certify that copies were caused to be served on July 29, 2005 upon the following in the manner indicated:

**<u>BY HAND</u>**

> Josy W. Ingersoll, Esquire (#1088)
> Glenn C. Mandalas, Esquire (#4432)
> YOUNG, CONAWAY, STARGATT
>   & TAYLOR LLP
> The Brandywine Building
> 1000 West Street, 17th Floor
> P.O. Box 391
> Wilmington, DE  19899-0391

**BY FIRST-CLASS MAIL & E-MAIL (egardner@kenyon.com)**

Elizabeth A. Gardner, Esquire
KENYON & KENYON
One Broadway
New York, New York 10004


_____
Donald E. Reid (#1058)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19899-1347
(302) 658-9200
  Attorneys for Defendant Orion IP, LLC
  dreid@mnat.com