IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SONY ELECTRONICS, INC., ) <br> ) <br> SONY COMPUTER ENTERTAINMENT ) <br> AMERICA, INC., ) <br> ) <br> SONY PICTURES ENTERTAINMENT, ) <br> INC., ) <br> ) <br> SONY CONNECT, INC., ) <br> ) <br> SONY ONLINE ENTERTAINMENT, INC.,) <br> ) <br> SONY CORPORATION OF AMERICA, ) <br> ) <br> SONY BMG MUSIC ENTERTAINMENT, ) <br> INC., ) <br> ) <br> SONY ERICSSON MOBILE ) <br> COMMUNICATIONS (USA), INC., ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> ORION IP, LLC, ) <br> ) <br> Defendant. ) | C.A. No. 05-255 (GMS) |

**MEMORANDUM**

On November 23, 2004, Orion IP, LLC ("Orion"), a Delaware corporation headquartered in Texas, filed a patent infringement suit in the United States District Court for the Eastern District of Texas against fifteen individual defendants, none of whom are parties to this action. However, on February 10, 2005, Orion amended its complaint to add additional parties, including Sony Corporation of America ("SCA"). On April 7, 2005, SCA responded by filing an answer in the Texas action asserting the affirmative defenses of non-infringement and invalidity as to both patents

in suit. Then, on May 2, 2005, SCA and seven other so-called non-SCA plaintiffs filed an action in this court seeking a declaratory judgment of non-infringement and invalidity with respect to the same patents as those asserted against SCA in the Texas action. However, although the patents at issue are the same, the potentially-infringing products of the non-SCA plaintiffs – their websites – are allegedly different than the accused SCA website. Presently before the court is Orion's motion to either dismiss or stay this case under the first-filed rule, or alternatively, to transfer it to the Eastern District of Texas pursuant to 28 U.S.C.A. § 1404(a) (1993). (D.I. 11.)

Generally speaking, the first-filed rule is as simple as its name suggests: "[w]here two patent lawsuits involving the same claims are filed in different jurisdictions, the Federal Circuit requires that the first-filed action be given preference absent special circumstances." *Corixa Corp. v. IDEC Pharm. Corp.*, No. 01-615-GMS, 2002 WL 265094, at *1 (D. Del. Feb. 25, 2002). The present case presents a small complication, however, because only one of the plaintiffs in this action is a defendant in the Texas action. But, that complication is not too difficult to overcome because "Civil Procedure Rule 21 permits any claim against a party to be severed and proceeded with separately." *Triangle Conduit & Cable Co. v. Nat'l Elec. Prods. Corp.*, 125 F.2d 1008, 1009 (3d Cir. 1942). Moreover, "Rule 21 permits a court to sever claims *sua sponte*." *United States v. AMTRAK*, No. 86-1094, 2004 U.S. Dist. LEXIS 10867, at *21 (E.D. Pa. June 15, 2004). That being the case, and there being no discernable prejudice in severing SCA's claims against Orion, the court will exercise its power to do so. As a result, the court is confronted with a declaratory judgment action by SCA alone, the inverse of which (i.e., an infringement action) was filed about three months earlier in Texas. Therefore, pursuant to the first-filed rule, SCA must be dismissed from this case. *Cf. Triangle Conduit*, 125 F.2d at 1009 (holding that this district was under a duty to enjoin a patent-

holding defendant in a declaratory judgment action from pursuing an infringement action in another district against the declaratory judgment plaintiff, even though the infringement action in the other district would proceed against other parties in the absence of the declaratory judgment plaintiff).

With SCA out of the case, the court must still decide the fate of the non-SCA plaintiffs. Orion first argues that, like SCA itself, the non-SCA plaintiffs are subject to the first-filed rule under the holding of *Corixa*, where this court granted a motion to transfer a patent infringement action, based on the first-filed rule, to a district where a previous declaratory judgment action had been filed, even though one of the plaintiffs in the patent infringement action was not a defendant in the declaratory judgment action. 2002 WL 265094, at *1-*2. However, that plaintiff was a licensee of a defendant in the declaratory judgment action, and could therefore request permission to join that action after the transfer. *Id.* at *2. In this case, the non-SCA plaintiffs cannot be licensees of SCA because SCA is not the patentee. Moreover, the "accused products" in this action are the websites of the non-SCA plaintiffs, which are allegedly different than the SCA website accused in the Texas action. Thus, *Corixa* is distinguishable, and the first-filed rule does not apply to the non-SCA plaintiffs.

Orion's next argument is that the action should be transferred pursuant to § 1404(a). In *Jumara v. State Farm Insurance Co.*, the Third Circuit outlined six private interests and six public interests relevant to such a transfer. The private interests are:

(1)   The plaintiff's forum preference as manifested in the original choice;

(2)   The defendant's preference;

(3)   Whether the claim arose elsewhere;

(4)   The convenience of the parties as indicated by their relative physical and

      financial condition;

(5) The convenience of the witnesses – but only to the extent that the witnesses may actually be unavailable for trial in one of the fora; and

(6) The location of books and records (similarly limited to the extent that the files could not be produced in the alternative forum).

55 F.3d 873, 879 (3d Cir. 1995). Aside from Orion's preference for Texas and the non-SCA plaintiffs' preferences for Delaware, none of the other private interests are particularly relevant. Orion disagrees, and argues that convenience weighs in favor of transfer. Although Texas may indeed be more convenient for Orion, all of the non-SCA plaintiffs (and Orion) are incorporated in Delaware – a fact that certainly weighs against transfer. At best, then, the private interests are a wash.

  The public interests outlined in *Jumara* include:

(1) The enforceability of the judgment;

(2) Practical considerations that could make the trial easy, expeditious, or inexpensive;

(3) The relative administrative difficulty in the two fora resulting from court congestion;

(4) The local interest in deciding local controversies at home;

(5) The public policies of the fora; and

(6) The familiarity of the trial judge with the applicable state law in diversity cases.

*Id.* at 879-80. Here, Orion argues that although it and the remaining plaintiffs are all Delaware corporations, the local interest favors Texas because Orion has offices in that state. In *Corixa*, three parties were Delaware corporations, and yet, that fact did not weigh against transferring the case to

California because the "patents deal[t] with the treatment of lymphoma, . . . . [which] has far-reaching implications [beyond Delaware's borders]." 2002 WL 265094, at *4. By the same token, the fact that Orion has offices in Texas does not weigh in favor of transfer where the patents deal with technology used in internationally-accessible websites. Orion also argues that because litigation involving the same patents is already underway in Texas, judicial resources will be saved granting a transfer. Although there may be some efficiency to be gained by consolidating certain aspects of discovery, Orion ignores the possibility that collateral issues specific to any one of the many unrelated parties involved in both cases may create inefficiencies that would not arise if the proceedings remained separate. *See Codex Corp. v. Milgo Elec. Corp.*, 553 F.2d 735, 739 (1st Cir. 1977) ("Nor are we fully convinced of the propriety of using another customer suit of another manufacturer, which, incidentally, may have very different collateral issues, as a magnet to draw a suit to a jurisdiction where it otherwise should not be."). Moreover, simply because Orion initiated an action in Texas involving one set of parties, it should not be able to "bootstrap itself into staying there" when subsequent litigation arises involving a different set of parties. *Id.*

In short, the *Jumara* interests do not weigh in favor of transfer, and therefore, Orion's motion must be denied as to the non-SCA plaintiffs.

Dated: March 14, 2006

UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SONY ELECTRONICS, INC., ) | |
| ) | |
| SONY COMPUTER ENTERTAINMENT ) | |
| AMERICA, INC., ) | |
| ) | |
| SONY PICTURES ENTERTAINMENT, ) | |
| INC., ) | |
| ) | |
| SONY CONNECT, INC., ) | |
| ) | |
| SONY ONLINE ENTERTAINMENT, INC.,) | |
| ) | |
| SONY CORPORATION OF AMERICA, ) | |
| ) | C.A. No. 05-255 (GMS) |
| SONY BMG MUSIC ENTERTAINMENT, ) | |
| INC., ) | |
| ) | |
| SONY ERICSSON MOBILE ) | |
| COMMUNICATIONS (USA), INC., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | |
| ORION IP, LLC, ) | |
| ) | |
| Defendant. ) | |

**ORDER**

IT IS HEREBY ORDERED THAT:

1. Orion's motion to dismiss (D.I. 11) be GRANTED in part and DENIED in part; and

2. The claims of SCA against Orion be SEVERED and DISMISSED.

Dated: March 14, 2006

UNITED STATES DISTRICT JUDGE